```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V | * | CRIMINAL ACTION NUMBER |
| | * | 1:20-cr-00408-MLB-CMS |
| CHRISTOPHER ALLEN, | * | |
| | * | |
| Defendant. | * | |

### SENTENCING MEMORANDUM

COMES NOW, undersigned counsel, on behalf of the above-named Defendant and files this Sentencing Memorandum for the Court's consideration.

### Procedural History and Offense Conduct

On October 27, 2020, Mr. Allen was named in an indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine and other related offenses.

On March 31, 2021, Mr. Allen entered a guilty plea pursuant to a plea agreement with the government.

### Personal History

Mr. Allen was born on June 21, 1974. He will be forty-seven (47) years old on the date of sentencing. Mr. Alamaury is the oldest of hte three (3) siblings born to the union of his mother and father. They were raised primarily by both parents. Mr. Allen has lived in the Atlanta, Georgia his entire life. His siblings also reside in Atlanta.

Mr. Allen is also the father to two (2) children. He was (and still is) very involved in the lives of his children. He also has a stepson who he considers his own.

**18 U.S.C. § 3553**

Pursuant to 18 U.S.C. 3553(a), the Court is to fashion a sentence which is "sufficient but not greater than necessary" considering the seven factors listed in 3553(a). Those factors are, in relevant part:

1. The nature of the offense and the history and characteristics of the defendant;

2. The purposes of sentencing (Retribution, Specific Deterrence; and Rehabilitation);

3. The kinds of sentences available (i.e. alternatives to prison);

4. - 5. The sentencing guidelines and their Policy statements, which are advisory;

6. Avoiding disparity in treatment of similar offenders; and

7. The need to provide restitution.

Section §3553(a) "requires judges to take into account of the Guidelines together with other sentencing goals" in fashioning an appropriate sentence. See, *United States v. Booker*, 543 U.S. 220, 259-260, 125 S.Ct. 738, 764 (2005).

There is no rule requiring extraordinary justifications for a variant sentence. *Gall v. United States*, 128 S.Ct. 586, 169 L.Ed. 2d 445 (2007). *Gall* is but one of many decisions in which sentences well below the recommended Guideline range have been affirmed. In that case, the Supreme Court upheld a sentence of probation when the Guidelines called for over 3 years in custody.

*Gall* teaches that there is no mathematical formula for calculating the extent of permissible departures. Just as did the Supreme Court in *Gall*, the Eleventh Circuit has affirmed a number of sentences imposed well below that recommended by the Guidelines. These cases show that even extraordinary reductions are regularly approved on appeal. Such reductions are appropriate whenever the sentencing judge identifies specific and valid grounds for a below-guidelines sentence. *United States v. Williams,* 435 F.3d 1350 (11th Cir. 2006) (188-235 range, trial judge imposed less than half of the bottom end, 90 months); *United States v. Clay,* 483 F.3d 739, 742 (11th Cir. 2007) (188-235 month range, sentencing judge imposed a 60 month sentence); *United States v. Montgomery,* 165 Fed. Appx. 840, 2006 WL 284205 (11th Cir. 2006) (unreported) (reduction to 8 month sentence for bank fraud upheld based on defendant's lack of criminal history, need to pay restitution and mental illness); *United States v. Vawter,* 167 Fed. Appx.

3

101, 2006 WL 325745 (11th Cir. 2006) (defendant in check kiting spree faced 24-30 month range, Court affirmed reduction to 6 months because defendant made full repayment before being indicted, "Although the court may not have sentenced the defendant to six months, we cannot say that such a sentence by the district court is unreasonable.").

### (1) The nature and circumstances of the offense and the history and characteristics of the defendant

Other than a carrying a concealed weapons charge from 2000, Mr. Allen does not have a history with law enforcement outside of the instant offense. Mr. Allen deeply regrets his conduct and the impact it has had, and will continue to have, on his family.

### (2) The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

### (3) the need for deterrence

Mr. Allen recognizes that his offense assisted narcotics traffickers and assisted in perpetuating the problem of drug abuse in the United States.

The empirical evidence is nearly unanimous that there is no relationship between sentence length and general or specific

deterrence, regardless of the type of crime. See Andrew von Hirsh *et al., Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (concluding that "correlations between sentence severity and crime rates ... were not sufficient to achieve statistical significance," and that "the studied reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects."); Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research, 28-29 (2006) ("[I]ncreases in severity of punishments do not yield significant (if any) marginal deterrent effects... Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence.")[1]

The Sentencing Commission has found that "[t]here is no correlation between recidivism and guidelines' offense level ... While surprising at first glance, this finding should be expected. The guidelines' offense level is not intended or designed to predict recidivism." U.S. Sent'g Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 15 (2004).[2]

---

[1] available at http://scholarship.law.umn.edu/cgi/viewcontent.cgi?article=1504&context=faculty_articles (last accessed June 4, 2021).
[2] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/researchpublications/2004/200405_Recidivism_Criminal_History.pdf (last accessed June 4, 2021).

Given Mr. Allen's lack of criminal history and his regret for his conduct in this offense, a variance is warranted in this case.

**(4) The need to protect the public**

The public does not need to be protected from Mr. Allen. He is remorseful for his conduct and does not intend to ever put himself in a position to come before this Court or any other Court in the future.

**(5) The need to provide the defendant with needed educational or vocational training or medical care**

Mr. Allen does not require any of this assistance from the Bureau of Prisons.

**(6) The kinds of sentences available**

This Court is free to impose any sentence it sees fit as there is no minimum mandatory sentence required in this case by operation of the safety valve. "As a nation, we need to deal with—and not just talk about—our over-incarceration problem. We need to make smart, bold choices about two things: (1) the lengths of the prison terms we impose on those who need to be imprisoned; and (2) the categories of defendants we routinely

incarcerate who don't need to be imprisoned in the first place." *United States v. Dokmeci*, No. 13-CR-00455 (JG), 2016 WL 915185, at *1 (E.D.N.Y. Mar. 9, 2016).

### (7) The Sentencing Guidelines range; and (8) pertinent policy statements of the Sentencing Commission

Mr. Allen is not aware of any pertinent policy statements.

### (9) The need to avoid unwanted sentencing disparities

Mr. Allen is the first defendant in this case to plead guilty and the first to be sentenced.

### DVD

Mr. Allen has produced a DVD which visually describes his philanthropy and support in the community.[3]

### Conclusion

Based on the arguments presented herein and those that will be presented at sentencing, Mr. Allen will make a specific recommendation of a reasonable sentence at his sentencing hearing.

---

[3] The DVD has been filed separately from this memo and will be distributed to the Court and Government prior to sentencing.

7

                                                  Respectfully submitted,

                                                  <u>s/Steven Berne          </u>
                                                  STEVEN P. BERNE
                                                  ATTORNEY FOR DEFENDANT
                                                  GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon counsel of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This __7_____ day of _____September_____, 2021.

Respectfully submitted,

s/Steven Berne
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335
atlantalaw@bellsouth.net